UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA OVERTON, MERRIBET BAZZEL, and KAREN FULLER, individually, and on behalf of all class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI-AVENTIS U.S., LLC d/b/a SANOFI U.S.<br><br>Defendant. | Civil Action No.: 13-05535 (DEA)<br><br>RECEIVED<br><br>APR - 9 2014<br><br>AT 8:30_____M<br>WILLIAM T. WALSH CLERK<br><br>MEMORANDUM OPINION AND ORDER |

This matter comes before the Court on a Motion by defendant Sanofi-Aventis U.S., LLC ("Defendant") to file under seal certain documents [Dkt. No. 16]; specifically portions of Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint ("the Memo") [Dkt. No. 15-1]; portions of the Declaration of Mark Loreaux ("Loreaux Declaration") [Dkt. No. 15-3]; the entirety of Exhibits A through G of the Loreaux Declaration [Dkt. No. 15-3]; and the entirety of Exhibit A to the Declaration of Rick Schirmer ("Schirmer Declaration") [Dkt. No. 15-4]. Plaintiffs Lisa Overton, Merribeth Bazzel, and Karen Fuller, individually and on behalf of the class (collectively "Plaintiffs"), oppose Defendant's Motion. For the reasons specified below, Defendant's Motion to Seal is **GRANTED**.

I.    **LEGAL STANDARD**

Pursuant to L. Civ. R. 5.3(c)(2), a party seeking to seal or otherwise restrict public access to documents must describe:

   (a) the nature of the materials or proceedings at issue;
   (b) the legitimate private or public interests which warrant the relief sought;
   (c) the clearly defined and serious injury that would result if the relief sought is not granted; and

1

   (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)); Novo Nordisk A/S v. Sanofi-Aventis United States LLC, 2008 U.S. Dist. LEXIS 7958 (D.N.J. 2008); Skinner v. Ashan, 2007 WL 708972, at *2 (D.N.J. 2007). Importantly, "[t]he balancing of the factors for and against access is a decision committed to the discretion of the district court . . . although it is not generally accorded the narrow review reserved for discretionary decisions based on first-hand observations . . . ." Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).

## II. DISCUSSION

  Defendant contends that the at-issue documents contain sensitive business information which, if made available to the public, could be used by Defendant's competitors to gain a competitive advantage in the marketplace. Def.'s Brief at pp. 3-5, Dkt. No. 16-1. Plaintiffs oppose the Motion on essentially three grounds. First, Plaintiffs claim that Defendant has not specifically identified what material is proprietary nor explained why it is so. Pl.'s Brief at p. 5, Dkt. No. 19. Second, Plaintiffs assert that Defendant has not clearly defined the injury that would result if the documents are not sealed. Id. at 6. Lastly, Plaintiffs claim that Defendant would not suffer any injury if the documents were made available to the public. Id. Analyzing the factors set forth under the Local Rules, the Court finds that Defendant has shown good cause and satisfied the requirements of Local Rule 5.3(c)(2) and, therefore, that the at-issue documents should be sealed.

### A. Nature of the Materials

  Under Local Rule 5.3(c)(2), the moving party must first explain the nature of the materials at issue. L. Civ. R. 5.3(c)(2). Here, Plaintiffs claim that Defendant has not specifically

identified what material is propriety nor explained why it is so. Pl.'s Brief at p. 5. The Court disagrees. As explained by Defendant, the documents at issue reveal information regarding Defendant's 2012 Incentive Compensation Plan, Incentive Compensation Plan Policy, and Inventive Compensation Plan Roll-out, as well as screenshots detailing the precise amount of Plaintiffs' compensation. Def.'s Reply Brief at 2, Dkt. No. 21. According to Defendant, this is highly-sensitive proprietary information, in that it reveals the terms of Defendant's non-public strategy for compensating its sales representatives, the rules governing the earning and payment of that compensation, and discusses Defendant's confidential considerations in developing its compensation system. Id. The Court finds that this explanation sufficiently describes the documents pursuant to Local Rule 5.3(c)(2).

### B. Legitimate Private Interest

Second, the moving party must describe the "legitimate private . . . interests which warrant the relief sought." L. Civ. R. 5.3(c)(2). To that end, Defendant asserts that it has a strong interest in ensuring that its compensation practices and strategies do not fall into the hands of its competitors, and that Defendant's employees' have privacy rights against having their salaries and bonuses disclosed to the public. Def.'s Reply Brief at p. 3. Defendant's asserted privacy interests are legitimate. See Bracco Diagnostics, Inc. v. Amersham Health, Inc., Civ. A. No. 03-6025, 2007 U.S. Dist. LEXIS 51828, at *16 (D.N.J. July 18, 2007) (explaining that maintaining competitiveness is a legitimate privacy interest that militates in favor of sealing); Platt v. Freedom Mortg. Corp., Civ. No. 10-968, 2013 U.S. Dist. LEXIS 175032, at *31 (D.N.J. Dec. 10, 2013) (explaining that employees have a legitimate privacy interest in keeping information about their salaries from the public). Furthermore, the factors weighing against the interest of privacy, such as public safety, greater fairness, and efficiency, are not present here. See Pansy, 23 F.3d at

787-89. Accordingly, the Court finds that Defendant has satisfied the second factor under Local Rule 5.3(c)(2).

### C. Serious and Clearly Defined Injury

Third, the moving party must describe a serious and clearly defined injury that would result if its motion to seal is denied. L. Civ. R. 5.3(c)(2). In that respect, Defendant claims that publicly exposing its compensation practices and strategies could jeopardize its competitive standing in the marketplace. Def.'s Reply Brief at p. 4. Plaintiffs offer two arguments in response, neither of which succeeds. First, Plaintiffs claim that merely asserting that an injury "could" or "might" occur is insufficient to warrant the sealing of documents. Pl.'s Brief at p. 6. This argument fails because courts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents. See e.g., Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988); Goldenberg v. Indel, Inc., No. 09-5202, 2012 U.S. Dist. LEXIS 479, *8 (D.N.J. Jan. 3, 2012) (stating that "the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace").

Second, Plaintiffs argue that disclosing the material at issue would hardly injure Defendant because "Defendant's papers . . . merely contain generic and outdated information" and, moreover, that information is discussed in Plaintiffs' Complaint, which is publicly available. Pl.'s Brief at p. 6. This argument fails for the simple reason that Defendant — rather than Plaintiffs — is in the best position to judge the sensitivity and importance of the at-issue documents. Moreover, that Plaintiffs briefly mention Defendant's compensation practices in the

Complaint is hardly a reason against sealing the at-issue documents from the public. Indeed, if Plaintiffs' argument were accepted, then <u>every</u> motion to seal would be futile insofar as the Rules require that the moving papers describe the nature of the materials at issue. Accordingly, Plaintiffs' arguments fail, and thus, the Court finds that Defendant has satisfied the third factor under Local Rule 5.3(c)(2).

### D. No Less Restrictive Alternative

Lastly, with respect to the fourth factor under Local Rule 5.3(c)(2), the moving party must demonstrate that there is no less restrictive alternative to sealing the at-issue documents. L. Civ. R. 5.3(c)(2). Here, Defendant has narrowly redacted its Memo and the Loreaux Declaration, and, according to Defendant, the other documents are composed of mostly confidential information. Def.'s Reply Brief at p. 6 As such, the Court finds that there is no less restrictive alternative. See Goldenberg v. Indel, Inc., Civ. No. 09-5202, 2012 U.S. Dist. LEXIS 479, at *11 (D.N.J. Jan. 3, 2012) (explaining that redaction is not a viable alternative where a document, as a whole, contains sensitive information). In sum, the Court finds that Defendant has shown good cause for sealing the at-issue documents and satisfied the requirements of Local Rule 5.3(c)(2).

The Court having reviewed the parties' written submissions; and the Court having considered the matter pursuant to Fed. R. Civ. P. 78; and for the reasons stated above;

**IT IS** on this 8th day of April, 2014,

**ORDERED** that Defendant's Motion to file under seal certain documents [Dkt. No. 16] is **GRANTED**.

<u>s/ Douglas E. Arpert</u>
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**