RECEIVED
OCT - 7 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA OVERTON, MERRIBETH BAZZELL, and KAREN FULLER individually, and on behalf of all class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI-AVENTIS U.S., LLC d/b/a SANOFI US,<br><br>Defendant. | Civil Action No.: 3:13-cv-05535-PGS-DEA<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING |

This matter having come before the Court on the Motion For Preliminary Approval of a Proposed Class Action Settlement ("Motion For Preliminary Approval") of the above-captioned matter (the "Action") between Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller, (hereinafter, "Plaintiffs"), on behalf of themselves and the Class (as defined below), and Defendant, sanofi-aventis US LLC ("sanofi") (collectively, sanofi and Plaintiffs are referred to herein as the "Parties"), pursuant to the Parties' Settlement Agreement and Release (the "Settlement Agreement" or "Settlement"). Having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Settlement Agreement.

2. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risks,

- 1 -

burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement: (a) has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Diane Welsh (Ret. U.S.M.J.) of JAMS as a mediator; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and (d) is not an admission of liability by sanofi.

## Settlement Class Certification

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Class, consisting of:

> All current and former employees of sanofi who were eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® in 2012 and who experienced a downward adjustment of such compensation in conjunction with sanofi's March 22, 2013 incentive compensation payment.

The following persons, however, are excluded from the Class:

> All persons who executed a release of the claims asserted in this lawsuit prior to May 19, 2015.

4. The Court hereby appoints Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller as the "Class Representatives" pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, the Class Representatives have and will fairly and adequately protect the interests of the Class.

5. The Court hereby also appoints Adam M. Slater and Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Class.

6. Class Counsel are authorized to act on behalf of the Class with respect to all acts required by the Agreement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

7. In connection with this conditional certification, the Court makes the following preliminary findings:

   a. The Class appears to be so numerous that joinder of all members is impracticable;

   b. There appear to be questions of law or fact common to the Class for purposes of determining whether the Settlement should be approved;

   c. The Class Representatives' claims appear to be typical of the claims being resolved through the Settlement;

   d. The Class Representatives appear to be capable of fairly and adequately protecting the interests of all members of the Class in connection with the Settlement;

   e. For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Class. Accordingly, the Class appears to be sufficiently cohesive to warrant settlement by representation; and

   f. For purposes of settlement, certification of the Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Class.

   g. In certifying a class for settlement purposes, the Court is not required to determine whether the action would be manageable if tried.

8. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 19 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for

the purposes of settlement only, that the Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Notice and Administration

9. The Court approves the proposed Notice Plan for giving direct notice to the Class by U.S. Mail as set forth in the Settlement Agreement and Exhibit C thereto ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement. The Court directs the Parties and the Claims Administrator to complete the Notice Plan in accordance with the terms of the Settlement Agreement by no later than Nov. 5, 2015, which is thirty (30) days after the entry of this Order.

10. Pursuant to the Settlement Agreement, Angeion Group ("Angeion") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

11. Pursuant to the Settlement Agreement, the Claims Administrator shall provide individual notice via U.S. Mail, to the most recent mailing address as reflected in sanofi's computerized account records no later than Nov. 5, 2015, which is thirty (30) days following entry of this Order.

### Exclusion/Opt Out Requests

12. Any person who meets the definition of a Class Member and who wishes to exclude himself or herself from the Settlement must submit his or her request for exclusion in

- 4 -

writing. Exclusion requests must: (a) be signed by the Class Member who is requesting exclusion; (b) include the full name and address of the person requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the Overton action." The request must be mailed to the Claims Administrator at the address provided in the notice and postmarked no later than Dec. 10, 2015, which is thirty-five (35) days after the Notice Deadline. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and any person submitting such a request shall be deemed a Settlement Class Member, and shall be bound as a Settlement Class Member by the Settlement.

13. Class Members who exclude themselves from the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

14. If three or more Class Members opt out of the settlement, in accordance with the terms of the Settlement Agreement, sanofi, in its sole discretion, may terminate the Settlement. Sanofi shall inform Class Counsel within fourteen (14) days after it receives from the Settlement Administrator notice of the total number of valid opt-out requests as to whether it will exercise the right of termination. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

**Objections**

15. Any Class Member may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court by Dec. 10, 2015, which is thirty-five (35) days following the Notice Deadline. A Class Member who objects to the Settlement need not appear at the Final Approval Hearing for his or her comment to be considered by the Court; however, all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court no later than Dec. 10, 2015, which is thirty-five (35) days following the Notice Deadline. All objections must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member; (b) include a statement of such Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider. In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection. All Objections must be filed with the Court and mailed to each of the following, postmarked no later than the last day to file the objection: (a) Class Counsel via Matthew R. Mendelsohn, Esq., Mazie Slater Katz & Freeman, 103 Eisenhower Parkway, Roseland, New Jersey 07068; and (b) sanofi's Counsel via Richard G. Rosenblatt, Esq., Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

16. Any Class Member who fails to timely file a written objection with the Court as prescribed herein shall be deemed to have waived his or her objections and forever be barred

from making any such objections in this Action.

### Attorneys' Fees and Costs

17. At least seven (7) days before the Exclusion/Objection Deadline, papers supporting Class Counsel's request for fees and expenses shall be filed with the Court.

18. If a Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses, and Service Awards to the Class Representatives who pursued putative class action claims against sanofi for the claims that are the subject of this Settlement in accordance with the deadline and procedure set forth in the Class Notice, and the Class Member is not granted relief by the Court, such Class Member will be deemed to have waived his or her right to be heard at the Final Approval Hearing. Additionally, any Class Member who intends to appear at the Final Approval Hearing, must file and serve on all Parties a Notice of Intention to Appear with the Court.

### Final Approval Hearing

19. The Final Approval Hearing will be held on January 19, 2016 at 2:00 A.M./P.M. before this Court in Courtroom 6W, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 to determine (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Class should be finally certified for settlement purposes; and (d) whether to approve Class Counsel's application for attorneys' fees and expenses, and Service Awards to Plaintiffs, and in what amount.

20. Papers in support of final approval of the Settlement Agreement and in response

to any objections shall be filed with the Court at least seven (7) days prior to the Final Approval Hearing.

### **Further Matters**

21. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement and this Order are not, and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, or could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (b) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Sanofi has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

22. The Action (including any motions, discovery, or other pleadings) shall be stayed and held in abeyance pending further order of the Court.

23. The certification of the Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Class shall be deemed vacated, the Action shall proceed as if the Class had never been certified (including sanofi's right to oppose any subsequent motion for class certification), and no reference to the

Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose, except as otherwise agreed in writing.

### Continuing Jurisdiction

24. If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Parties and the Class Members with respect to all matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Class Members.

### Schedule of Future Events

25. Accordingly, the Court enters the following dates:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Notice Deadline | Within 30 days of Preliminary Approval Order |
| Class Counsel's Fee Motion Submitted | 7 days before Exclusion/Objection Deadline |
| Exclusion/Objection Deadline | 35 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | At least 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 14 days after Exclusion/Objection Deadline |
| Final Approval Order Entered | At the Court's Discretion |

IT IS SO ORDERED.

Dated: October 6, 2015

Hon. Douglas E. Arpert
United States Magistrate Judge