Adam M. Slater
Matthew R. Mendelsohn
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey  07068
Telephone: (973) 228-9898
Facsimile: (973) 228-0303
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA OVERTON, MERRIBETH BAZZELL, and KAREN FULLER individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI-AVENTIS U.S., LLC d/b/a SANOFI US,<br><br>Defendant. | **Civ. Ac. No.: 3:13-cv-05535-PGS-DEA**<br><br><br><br>**CERTIFICATION OF ADAM M. SLATER IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS** |

I, Adam M. Slater, of full age, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and a partner with the law firm of Mazie Slater Katz & Freeman, LLC ("Mazie Slater").  I am responsible for handling the above matter on behalf of Lisa Overton, Merribeth Bazzell and Karen Fuller (hereinafter, "Plaintiffs") and the putative class.  This Certification is based upon my familiarity with the facts and issues in the litigation, based upon careful review of the discovery produced, extensive interaction and negotiations with defense counsel, including mediation, and research and analysis of the legal issues in the case.

2.      This certification is submitted in further support of the motion for final approval of the settlement and settlement class, award of incentive payments and award of attorneys'

fees and expenses.

3.      This motion seeks final approval of the proposed settlement of a putative class action lawsuit brought by Plaintiffs on behalf of themselves and other similarly situated current and former employees of sanofi-aventis US LLC ("sanofi").

## THE LITIGATION

4.      Prior to the initiation of any litigation, Plaintiffs performed an independent investigation of the potential case including the representations at issue, the relevant documents, the damages and the feasibility of the case.  We engaged in extensive research of both the factual and legal issues in this matter.  Thereafter, Plaintiffs filed the present lawsuit on September 17, 2013,  individually and on behalf of all current or former employees of sanofi who were eligible to receive commissions, bonuses, payments, benefits, or other compensation related to the sales of Zaltrap®.  *See* Doc. No. 1.  These putative class members held various positions at sanofi and resided in numerous states throughout the country.

5.      From the outset, the parties engaged in hard fought litigation, beginning with sanofi's motions to dismiss.   On October 23, 2014, the Court granted sanofi's first motion to dismiss as to Plaintiffs' claims under the New Jersey Wage Payment and Collection Law, but denied it as to Plaintiffs' other claims.  *Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 5410653 (D.N.J. Oct. 23, 2014). After Plaintiffs filed a Second Amended Complaint, sanofi filed a second motion to dismiss Plaintiffs' unjust enrichment claim.  On December 15, 2014 that motion was denied.  *See* Doc. No. 33.  These motions were pivotal early moments in the litigation, wherein the ability to recover and damages was at stake, and it was critical for Plaintiffs to maintain the bulk of the case intact.

## DISCOVERY

6.     From the inception of this litigation, Plaintiffs' counsel have aggressively prosecuted this case including investigating the facts, reviewing and analyzing voluminous documents and communications, assembling and drafting pleadings, performing legal research, conducting discovery, performing independent investigation, interviewing witnesses, and communicating with counsel for the defendants.   The discovery and investigations included both the informal and formal exchange of discovery requests and documents, meetings and conferences between representatives of the parties, and interviews of numerous potential witnesses.

7.     The case was significantly complicated by a strategic decision implemented by sanofi during the course of the litigation.  During the course of discovery, sanofi put in place a "re-structuring" of their sales force, which resulted in the termination of many employees, including about one-third of the putative class.  In order for those terminated to receive a severance package, they had to agree to execute a release, which included all claims being asserted in this case.  This development had to be thoroughly investigated, understood and researched, including the impact on the scope of the proposed class and the potential damages to be recovered.

## THE SETTLEMENT

8.     Plaintiffs' counsel used the information gathered from Plaintiffs and witnesses, as well as discovery obtained from the Defendant, and our thorough understanding of the facts of the case and the applicable law to engage in settlement discussions.  While discovery proceeded the parties agreed to submit to mediation with the Honorable Diane M. Welsh, U.S.M.J. (ret.) of JAMS on May 19, 2015.

9.     Although Plaintiffs believed that we would have been able to obtain class certification, such a result was not certain and the risk of not having the class certified, or certified only for certain claims, was significant.  This risk was compounded by the fact that sanofi is represented by experienced counsel, backed by one of the largest pharmaceutical companies in the world.  The potential risks of litigation and the potential difficulty in certifying the proposed nationwide class was taken into account by Plaintiffs' counsel, and the proposed settlement provides substantial benefits to the nationwide Settlement Class.

10.    As a result of the relative strengths and weaknesses of the parties' positions, and uncertainties of the litigation and class certification process, the parties agreed that settlement of this proposed nationwide class action was in the best interests of all parties, with the help of Judge Welsh during a full-day mediation session.  The compromises on both sides were reasonable, and absolutely necessary in order to settle this large and complex litigation.  We believe that a fair and reasonable compromise was reached on the many difficult issues that faced both sides, and that the settlement is clearly fair and reasonable to both sides.  The settlement also resulted from the ability of counsel to marshall and present the relevant information and legal principals, and to negotiate in a firm but productive manner.

11.    The proposed Settlement Class is defined in Section II(A)(1) of the Settlement Agreement as follows:

> All current and former employees of sanofi who were eligible to receive incentive compensation awards under sanofi's incentive compensation program, including, but not limited to, alleged commissions, bonuses, incentives, payments, benefits, or other compensation, related to the sales of Zaltrap® in 2012 and who experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013.  The Class excludes all persons who executed a release of the claims asserted in the

Action prior to the date of this Agreement.

The Settlement Class is more limited than the proposed class initially pled by plaintiffs because during the pendency of this action a number of putative class members executed the Releases in exchange for a severance package.  A copy of the finalized Settlement Agreement and exhibits thereto is attached as **Exhibit "A."**

12.    The original proposed settlement provided:

sanofi shall pay or cause to be paid a gross total sum not to exceed Two Million Five Hundred and Twenty Five Thousand Dollars ($2,525,000.00), which amount shall cover all Settlement Costs and all amounts to be paid to Settlement Class Members. Defendants will not be required, under any circumstance, to pay more than the gross total Settlement Amount of Two Million Five Hundred and Twenty Five Thousand Dollars ($2,525,000.00). Defendant will not be required, under any circumstance, to pay more than the Settlement Amount, with the express exception that if settlement administration costs exceed $10,000.00, Defendants will be solely responsible for payment of the excess costs.

*Id*. at Section III(B)(4).

13.    The proposed settlement also provided that Class Counsel's fees and costs, service awards to the Plaintiffs and up to $10,000 in administration costs will be deducted from the Settlement Amount, resulting in a Net Settlement Fund that will be distributed to the Class.  *Id.*

14.    After the parties had reached an agreement regarding the benefits to the Class, the parties also agreed on Class Counsel's attorney fees and costs, specifically that "Sanofi shall not object to [Class Counsel's fee application] so long as the amount requested is not more than $800,000.00."  *Id*. at Section III(G). Class Counsel are  requesting $650,000.00 for attorney fees and costs.

15.    Similarly, after the parties had reached an agreement regarding the benefits to the Class, the parties also agreed that Plaintiffs may apply to the Court for incentive award

payments for the time and effort expended in connection with the litigation, not to exceed seventy-five thousand dollars ($25,000 each).   Plaintiffs shall also be entitled to their respective portions of the common fund.  *Id*. at Section III(H).  This is well-supported, as the named plaintiffs did a substantial amount of work and actively contributed to the conduct of the litigation.

16.    In November 2015 the parties discovered that eleven (11) individuals had inadvertently been omitted from the class list.  The parties promptly notified the Court about these omissions and executed an Addendum to the Settlement Agreement to account for these omitted Class Members, which modified Section III(B)(4) as follows:

> sanofi shall pay or cause to be paid a gross total sum not to exceed Two Million Five Hundred Six Thousand Two Hundred Forty Dollars and Six Cents ($2,506,240.06) (the "Settlement Amount"), which amount shall cover all Settlement Costs and all amounts to be paid to Settlement Class Members.  Defendants will not be required, under any circumstance, to pay more than the gross total Settlement Amount of Two Million Five Hundred Six Thousand Two Hundred Forty Dollars and Six Cents ($2,506,240.06), with the express exception that if settlement administration costs exceed $10,000.00, Defendants will be solely responsible for payment of the costs in excess of $10,000.00.

*See* **Exhibit "B,"** Addendum to Settlement Agreement.

17.    On December 1, 2015 the Court entered an Order amending its Preliminary Approval Order and the Addendum to the Settlement Agreement, ordering notice be provided to the omitted Class Members and rescheduling the Final Fairness Hearing.  *See* Doc. No. 49.

18.    Shortly thereafter, the parties determined that there was one additional class member who had been omitted from the original class list.  Accordingly, the parties executed a Second Addendum to the Settlement Agreement to increase the Settlement Fund, as follows:

> sanofi shall pay or cause to be paid a gross total sum not to exceed

> Two Million Five Hundred Eighteen Thousand Six Hundred One Dollars and Fifty Six Cents ($2,518,601.56) (the "Settlement Amount"), which amount shall cover all Settlement Costs and all amounts to be paid to Settlement Class Members. Defendants will not be required, under any circumstance, to pay more than the gross total Settlement Amount of Two Million Five Hundred Eighteen Thousand Six Hundred One Dollars and Fifty Six Cents ($2,518,601.56), with the express exception that if settlement administration costs exceed $10,000.00, Defendants will be solely responsible for payment of the costs in excess of $10,000.00.

*See* **Exhibit "C,"** Second Addendum to Settlement Agreement.

19.     Class Counsel personally provided notice to this additional class member on December 1, 2015 and when advised as to his payout under the settlement, he expressed satisfaction with the recovery and his intention to participate in the settlement.

20.     The Settlement Amount ($2,518,601.56) represents a recovery to the Class of approximately 57.64% of the total alleged improper reductions to their incentive compensation of $4,369,628.85. The average payout to Class Members is over $14,000, with some class members receiving over $30,000. Class Counsel believe that the settlement represents the best result that could be achieved for the proposed class without a trial, and that the advantages of settling the case on the proposed terms significantly outweigh the risks of proceeding to trial.

## NOTICE TO THE CLASS

21.     Angeion Group, a third-party settlement administrator was retained to, among other tasks: (a) calculate Class Members' share of the Net Settlement Fund; (b) oversee the mailing of the Notice of Proposed Class Action Settlement ("Notice"); (c) trace and remail undeliverable Notices returned by the United State Postal Service ("USPS") with forwarding addresses, as well as remail Notices for which new addresses were provided by Class Counsel

or class members; (d) provide Class Counsel with activity reports; and (e) update the addresses of Class Members as provided by Class Counsel.  *See* Declaration of Brian S. Devery attached hereto as **Exhibit "D."**   Angeion was selected by the parties based on its experience, technical capabilities, pricing, capacity and experience in prior cases.

22.    Notice was provided to all but one of the one hundred and twenty six class member by first-class mail.  *Id*.  That single class member was provided notice personally by Class Counsel on December 1, 2015, as set forth above.

## **REACTION OF THE CLASS**

23.    As discussed above, notice of the settlement was successfully transmitted to all one hundred and twenty six Class Members and there have been no objections or opt-outs.

24.    Moreover, Class Counsel have spoken with more than forty class members to date and all have expressed satisfaction with the settlement and many have thanked Plaintiffs and Class Counsel for their efforts.


I hereby certify that the foregoing statements made by me are true.  I am aware if any of the foregoing statements made by me are willfully false, I am subject to punishment.



___*s/Adam M. Slater*_____
  ADAM M. SLATER

Dated:  February 2, 2016

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and among Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller (hereinafter, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below, and Defendant, sanofi-aventis US LLC ("sanofi"). Sanofi, Settlement Class Counsel (as defined below), and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) in the action entitled Overton et al. v. sanofi-aventis U.S. LLC, United States District Court for the District of New Jersey, Civil Action No. 3:13-cv-05535 (the "Action"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.   RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.     The Action alleges that sanofi breached certain obligations to the Settlement Class Members by adjusting incentive compensation payouts associated with sales of Zaltrap® during the second half of 2012. Based on the allegations set forth in the Action, Plaintiffs have asserted claims under the New Jersey Wage Payment and Collection Law, and for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment. Plaintiffs propose to represent a class of current and former employees of sanofi who were eligible to receive incentive compensation awards under sanofi's incentive compensation program, including, but not limited to, alleged commissions, bonuses, incentives, payments, benefits, or other compensation, related to the sales of Zaltrap® in 2012.

B.     Sanofi vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. Sanofi desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

C.     Plaintiffs and Class Counsel have investigated the facts and law underlying the claims asserted in the Action. Plaintiffs and Class Counsel served discovery requests and reviewed data and documents relating to Plaintiffs' claims and briefed multiple motions concerning those claims. Class Counsel are also experienced in complex litigation including class action matters. Accordingly, Plaintiffs and Class Counsel are fully aware of the facts and issues necessary to evaluate the claims and legal theories asserted by Plaintiffs and to negotiate a class-wide settlement of the Action that is beneficial to the Class.

D.     This Agreement is non-collusive, and resulted from and is the product of extensive, good-faith arm's-length negotiations. The Parties (as defined below) participated in private mediation before the Honorable Diane M. Welsh (Ret.) in an effort to reach a resolution of the Action.

E.     As a result of these efforts, the Parties have agreed to enter into this Agreement, subject to preliminary approval and final approval by the Court as required by Rule 23 of the

Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members as to the claims set forth in the Action in exchange for sanofi's agreement to provide the settlement relief to the Settlement Class Members as described in this Agreement.

F.      The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth in the Action.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, and subject to approval by the Court, Plaintiffs and sanofi agree as follows:

## II.      <u>DEFINITIONS</u>

A.      The following defined terms apply throughout this Agreement and the attached exhibits:

1.      The "Class" means all current and former employees of sanofi who were eligible to receive incentive compensation awards under sanofi's incentive compensation program, including, but not limited to, alleged commissions, bonuses, incentives, payments, benefits, or other compensation, related to the sales of Zaltrap® in 2012 and who experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013.  The Class excludes all persons who executed a release of the claims asserted in the Action prior to the date of this Agreement.

2.      "Class Member" means any person in the Class.

3.      "Amended Complaint" means the Third Amended Complaint filed by Plaintiffs in the Action.

4.      "Settlement Administrator" means Angeion Group ("Angeion").  The Settlement Administrator shall be responsible for providing the Class Notice as well as services related to administration of the settlement.

5.      "Class Counsel" means Adam M. Slater and Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC.

6.      "Class Notice" means the direct mail notice that will be provided to the Class and any different or additional notice that might be ordered by the Court.  A description of the contemplated Notice is provided in Section III.E of this Agreement.

7.      "Class Period" means the period from August 1, 2012 to March 31, 2013.

8.    "Court" means the United States District Court for the District of New Jersey.

9.    "sanofi's Counsel," means Richard G. Rosenblatt and Sean P. Lynch of Morgan Lewis & Bockius, LLP.

10.    "Effective Date" means the fifth business day after the last of the following dates:

a.    Plaintiffs, sanofi, sanofi's Counsel and Class Counsel have executed this Agreement;

b.    The Court has entered, without material change, the Final Approval Order; and

c.    The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

11.    "Employer Payroll Taxes" means all taxes an employer is required to pay arising out of or based upon any amounts allocated by the Parties to the payment of employment compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

12.    "Final Approval Hearing" means the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service awards to Plaintiffs.

13.    "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit A.

14.    "Net Settlement Fund" means the remainder of the Settlement Fund after deductions for all Settlement Costs.

15.    "Notice" means the notice that will be provided pursuant to Section III.E of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit B.

16.    "Notice Deadline" shall have the meaning set forth in Section III.B.2 of this Agreement.

17.    "Opt-Out and Objection Deadline" shall have the meaning set forth in Section III.B.2 of this Agreement.

18.    "Parties" means Plaintiffs and sanofi.

19.    "Preliminary Approval" means the entry by the Court, without material change, of the Preliminary Approval Order.

20.     "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit C.

21.     "Released Claims" means all claims to be released as set forth in Section III.F of this Agreement.  The "Releases" means all of the releases contained in Section III.F of this Agreement.

22.     "Released Parties" means those persons and entities released as set forth in Section III.F of this Agreement.

23.     "Releasing Parties" means Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any authorized users of their accounts, as set forth in Section III.F of this Agreement.

24.     "Reserve Fund" means a reserve fund in the amount of $10,000.00, established from the funds of the Settlement Fund, to cover the costs of administering the settlement.

25.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth herein and the attached exhibits, which are incorporated by reference herein.

26.     "Settlement Class" means all members of the Class who do not request exclusion from the Settlement.

27.     "Settlement Class Member" means any person in the Settlement Class who does not request exclusion from the Settlement.

28.     "Settlement Costs" means: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any service awards approved by the Court; and (iii) up to $10,000 contributed to the costs of printing and providing notice to persons in the Settlement Class, administering the Settlement, including, but not limited to maintaining a designated post office box for receiving correspondence relating to the Settlement and the costs of skip tracing for all returned mail, and the fees, expenses and all other costs of the Settlement Administrator.

29.     "Settlement Fund" means the Settlement Amount paid by sanofi, which amount shall be deposited in an account established by the Settlement Claims Administrator. The Settlement Fund will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval. Interest, if any, earned on the Settlement Fund on or after the Effective Date will become part of the Settlement Fund for disbursement and may be included in the Net Settlement Fund.

B.     Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

4

III.   **TERMS OF SETTLEMENT**

A.   Conditional Certification of the Settlement Class.   Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3), which shall be certified in the Action for settlement purposes only.  If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by any Party, the Action will return to its status as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any subsequent litigated class certification proceedings, in response to any motion seeking to compel arbitration, or otherwise asserted in any other aspect of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, sanofi, or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding, except as otherwise agreed herein.

B.   Preliminary Approval.

1.   Discovery/Cooperation.   Plaintiffs and Class Counsel have investigated and taken such discovery as necessary to inform themselves fully as to the issues resulting in this Agreement.  To the extent any additional information is needed by either Plaintiffs or sanofi, and upon the making of a reasonable request by one of the Parties, the Parties agree to cooperate and use their best efforts to provide such information, to the extent practicable, prior to the filing of the Preliminary Approval Motion, as discussed below.

2.   Preliminary Approval Motion.   On or before September 4, 2015, Plaintiffs will move the Court in the Action for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for objections to the Settlement or for Class Members to exclude themselves from the Settlement Class, and set a deadline thirty-five (35) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action (the "Opt-Out and Objection Deadline"); (f) pending final determination of whether the Settlement should be approved, bar and enjoin all Settlement Class Members, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (i) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than fourteen (14) days after the Opt-Out and Objection Deadline.

3.     Stay/Bar of Proceedings.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Preliminary Approval Order will allow sanofi to seek an injunction enjoining the commencement or prosecution of the Released Claims by Settlement Class Members, which Plaintiffs will not oppose.  The parties understand, acknowledge, and agree that it is sanofi's burden to seek and obtain court approval of any such injunction and that the Settlement is not in any way contingent on a court issuing any such injunction.

4.     Settlement Amount.  In full settlement of the Released Claims, sanofi shall pay or cause to be paid a gross total sum not to exceed Two Million Four Hundred Thousand Dollars ($2,400,000.00) (the "Settlement Amount"), which amount shall cover all Settlement Costs and all amounts to be paid to Settlement Class Members.  Defendants will not be required, under any circumstance, to pay more than the gross total Settlement Amount of Two Million Four Hundred Thousand Dollars ($2,400,000.00), with the express exception that if settlement administration costs exceed $10,000.00, Defendants will be solely responsible for payment of the costs in excess of $10,000.00.

In the event a notice of appeal is filed, the Settlement Amount shall be placed in an interest bearing account within thirty (30) days after the notice of appeal is filed.  The funds will remain in the interest bearing account until the Effective Date.  If the Settlement is overturned on appeal, the Settlement Amount and any accrued interest will be paid to sanofi.

If the Settlement is upheld on appeal, the Settlement Amount and any accrued interest shall be paid to the Settlement Administrator within thirty (30) days after the Effective Date for distribution in accordance with this Agreement, with any accrued interest becoming part of the Settlement Fund.  If no appeal is filed, the Settlement Amount shall be paid to the Settlement Administrator within thirty (30) days after the Effective Date for distribution in accordance with this Agreement.  In either instance, the Settlement Amount will be paid into a separate escrow account maintained by the Settlement Administrator, on behalf of Plaintiffs and the Class.  After the occurrence of the Effective Date, the Settlement Fund shall be applied to pay the Settlement Costs and to distribute payments to Settlement Class Members.

The Released Parties shall have no responsibility for maintaining or investing the Settlement Amount, for the establishment or maintenance of the escrow account, for the payment of Settlement Fund Taxes or Tax Expenses, or for the distribution of the Settlement Fund or the administration of the Settlement.  The Released Parties take no position with respect to the provisions of this Agreement governing those issues.  The Released Parties shall have no further or other liability or obligations to Plaintiffs, Class Counsel, or any Class Members with respect to the Released Claims except as expressly stated in this Agreement.

5.     Service Awards to Named Plaintiffs.  In return for services rendered to the Class Members, at the Settlement Hearing, Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller, will each apply to the Court to receive as a Service Award from the Settlement Fund for their time, effort, and risk incurred in litigating this matter, the amount of $25,000 each. Defendants will not oppose such applications.  The outcome of the Court's ruling on the application for Service Awards is severable from, and shall not terminate, this Agreement or otherwise affect the validity of this Agreement or the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.  The Service Award shall be paid less all appropriate income and employment tax withholding and reported on Form W-2.

6.     Distribution of the Net Settlement Fund.  The Net Settlement Fund shall be distributed to the Settlement Class Members by the Settlement Administrator only after the Effective Date and after: (i) all claims have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; and (iii) all Settlement Costs have been paid.  Settlement Class Members will have forty-five (45) days from the date of mailing to cash their Settlement Checks (the "Acceptance Period").  Settlement Class Members will be informed of the Acceptance Period in the Notices and on the Settlement Checks.

7.     Allocation of Payments From Net Settlement Fund.  Except as otherwise set forth herein, out of the Net Settlement Fund, the Settlement Administrator shall pay to each Settlement Class Member who does not opt out a check in the amount that is the equivalent of a fixed percentage of their respective share of the total amount of incentive compensation alleged to be due and owing to all eligible Class Members for sales of Zaltrap® in 2012.  For example, if the difference between a Settlement Class Member's projected and adjusted 2012 Zaltrap® incentive compensation award equates to 1% of the collective downward adjustment made by sanofi to the 2012 Zaltrap® incentive compensation awards for all Class Members, that Settlement Class Member will receive a payment equal to 1% of the Net Settlement Fund, less applicable taxes and statutory deductions.

Amounts payable to Settlement Class Members shall be subject to all applicable tax withholding requirements and reported via IRS Forms W-2 and appropriate state and local equivalents issued to Settlement Class Members.

8.     Reversion.  If any funds remain in the Net Settlement Fund by reason of uncashed checks, opt-outs, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund four (4) months after the initial distribution of such funds shall revert to sanofi.

C.     Termination.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the Settlement Amount shall be returned to sanofi.

D.     Settlement Administrator.   The Settlement Administrator shall administer the Settlement distribution process.   Sanofi will reasonably cooperate in the notice and administration process by providing the Settlement Administrator, on a confidential basis, with access to the names and mailing addresses for persons in the Class (as reflected in reasonably available computerized account records of sanofi) (the "Class List") to the extent required to administer the Settlement.   Sanofi will provide the Class List to the Settlement Administrator within twenty-one (21) days following the date of Preliminary Approval.

E.     Settlement Class Notice.   The Settlement Administrator, as specified below, shall provide Class Notice via mail in the form approved by the Court by the Notice Deadline.   The Settlement Administrator will provide individual notice via direct mail, to the most recent mailing address as reflected in the reasonably available computerized account records of sanofi (the "Notice").   A National Change of Address update shall be performed before mailing the Mail Notice.   Skip tracing shall be performed for all returned mail and the costs associated with skip tracing will be considered Settlement Costs.

F.     Releases.   As of the Effective Date, Plaintiffs and the Settlement Class Members provide the following releases:

Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns ("Releasing Parties") will be deemed to have fully released and forever discharged sanofi-aventis US LLC, and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, employees, successors, and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, sanofi's internal and external legal counsel, shareholders, and assigns (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of Preliminary Settlement Approval that arise out of the payment or non-payment of alleged commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® in 2012, including, but not limited to, claims under the New Jersey Wage Payment Law and for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and any other statutory or common law claim arising from the claims or allegations set forth in the Third Amended Complaint (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims arising from the allegations set forth in the Third Amended Complaint that Settlement Class Members do not know or suspect to exist in their favor at the time that the releases contained herein become effective.   Plaintiffs expressly understand, acknowledge and waive, and all Settlement Class Members will be deemed by the Final Approval Order to acknowledge and waive, Section 1542 of the Civil Code of the State of California ("Section 1542"), which provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs, Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

For its part, sanofi represents and warrants that it has no present knowledge or information indicating that it may have a potential claim against Plaintiffs.

G.      Attorneys' Fees And Costs.  Plaintiffs shall move the Court for an award of attorneys' fees and costs to be paid from the Settlement Amount.  Sanofi shall not object to such a motion so long as the amount requested is not more than $800,000.00.  Within forty-five (45 days after the Effective Date, and subject to Court approval, the Settlement Administrator will cause to be paid to Class Counsel from the Settlement Amount such fees and expenses as may be awarded by the Court, up to a maximum of $800,000.00.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

H.      Service Awards.   Plaintiffs shall move the Court for service awards for themselves.  Sanofi shall not object to such a motion so long as the amount requested is not more than $25,000 for Lisa Overton, and $25,000 for Merribeth Bazzell and $25,000 for Karen Fuller. The service awards, subject to Court approval, shall be paid from the Settlement Amount within forty-five (45) days after the Effective Date.

I.      Opt-Out Right/Termination.

1.      Opt-Out Requirements. Class Members may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and sanofi employee identification number(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Overton action."  No request for exclusion will be valid unless all of the information described above is included.  No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Settlement Class.

2.      Retention of Exclusions. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties.  Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a Class Member has properly opted out.

3.     Termination of Settlement.   All Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.  Sanofi shall have the right, in its sole discretion, to withdraw from and terminate the Settlement set forth in this Stipulation and to render this Stipulation null and void if three or more Class Members who otherwise would be entitled to participate as Class Members timely and validly request exclusion from the Class.  This right shall be effective until three (3) days after the deadline for Class Members to submit exclusion requests, and shall be waived if not exercised in writing and delivered to Class Counsel within that period. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into, except that Sanofi agrees that in the event that there are future reductions-in-force affecting potential Class Members, any general release executed in conjunction with such reductions-in-force will not affect the Class Member's ability to participate in this Settlement. This provision shall survive the termination for any reason of this Settlement.

J.     Objections To The Settlement.

1.     Right To Object.   Any Class Member who has not previously requested exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service awards, but only if the Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or the award of any attorney fees and/or service awards.  Further, any Class Member who intends to appear at the Final Approval Hearing must file with the Court, and serve on all Parties, a Notice of Intention to Appear.

2.     Objection Requirements.   To be heard at the Final Approval Hearing, the Class Member must make any objection in writing and file it with the Clerk of Court by the Opt-Out and Objection Deadline.   The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel via Matthew R. Mendelsohn, Esq., Mazie Slater Katz & Freeman, 103 Eisenhower Parkway, Roseland, New Jersey 07068; and sanofi's Counsel via Richard G. Rosenblatt, Esq., Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.   An objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Class Member; (b) include a statement of such Class Member's specific objection(s); (c) state the grounds for objection; and (d) identify any documents which such objector desires the Court to consider.  In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years.  If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection.

K.     Final Approval.  Following completion of the Notice and expiration of the Opt-Out and Objection Period, Plaintiffs shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims; and (f) dismiss the Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties for the purpose of enforcement of the terms of this Agreement.

L.     Dismissal.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice and on the merits as to Plaintiffs and all participating Settlement Class Members.

M.     No Admissions.  Sanofi expressly disclaims and deny any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by sanofi of any liability or wrongdoing by sanofi or any of its affiliates, agents, employees, representatives, vendors, or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of sanofi; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of sanofi in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed a waiver of sanofi's right to challenge class certification if this Settlement for any reason does not become final.

N.     No Publicity Beyond Notice Procedures.  Neither Class Counsel nor Plaintiffs will issue press releases or initiate any public statements regarding the Settlement, with the exception of communications with putative Class Members.  In response to any press inquiries concerning the Action or the settlement of the Action arising after the filing of the motion for Preliminary Approval but prior to the entry of the Final Approval Order, Class Counsel and Plaintiffs shall respond only, as follows:  "A proposed settlement has been reached, under which the defendant would pay the gross amount of $2,400,000."  In response to any press inquiries concerning the Action or the settlement of the Action arising after the entry of the Final Approval Order, Class Counsel and Plaintiffs shall respond only, as follows:  "A settlement has been reached, with defendant to pay the gross amount of $2,400,000."  Neither Class Counsel nor Plaintiffs will make any other statements of any kind to any third party regarding the Settlement prior to filing a motion for Preliminary Approval with the Court, with the exception of the Settlement Administrator.  The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement, and Class Counsel will not be prohibited from responding to inquiries from any person in the Settlement Class regarding the Action or the Settlement.  Notwithstanding the foregoing, Class Counsel may post a description

11

of the settlement on its website.   In all communications, Class Counsel shall refrain from disclosing information that is not a part of the public record.   Plaintiffs and Class Counsel shall refrain from disparaging any of the Released Parties publicly, and from taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Action or the Settlement.

O.     <u>Plaintiffs' Personnel Files and References</u>.   Sanofi agrees to review the named Plaintiffs' personnel files and remove therefrom any reference to the Action or Plaintiffs' involvement in the Action to the extent such documents exist therein. Sanofi agrees that, in response to any inquiry following the Effective Date regarding Plaintiffs' employment with sanofi and/or separation therefrom, sanofi will confirm only the dates of their employment, positions, and their last rates of pay.   In order to secure this neutral reference, Plaintiffs understand that they must direct any prospective employer to obtain such reference from The Work Number at www.theworknumber.com.

P.     <u>Class List.</u>   Sanofi shall provide to Class Counsel a copy of the Class List on a confidential, attorneys-eyes' only basis.   Following completion of the administration of the Settlement in this matter, Class Counsel shall return to counsel for sanofi the copy of the Class List, which Class Counsel shall not copy, scan, or otherwise reproduce.   Class Counsel further agrees that it will use the Class List solely for the purposes of this class action settlement and for no other purpose.

Q.     <u>Data Verification</u>. Within ten (10) business days of execution of this Agreement, sanofi shall provide a sworn declaration and information (as necessary) verifying the data previously provided to Plaintiffs' counsel concerning: (1) the amounts to which Plaintiffs and the Class Members would have received had Plaintiffs' claims in the Action for "uncapped pay per vial" incentives been established; and (2) amounts already paid to Plaintiffs and Class Members in incentive compensation for sales of Zaltrap® during 2012.

## IV.     <u>GENERAL PROVISIONS</u>

A.     <u>Settlement Conditioned Upon Approval</u>.   The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.   In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking Preliminary or Final Approval, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into and the Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose, except as otherwise expressly agreed herein.

B.     <u>Evidentiary Preclusion</u>.   Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of sanofi's right to seek to enforce any arbitration

provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, sanofi's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.  The Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

     C.    <u>Destruction of Confidential Documents</u>.  It is agreed that, within thirty (30) days after the last date of payments being made to Settlement Class Members pursuant to this Agreement, the originals and all copies of all confidential or highly confidential documents and/or information subject to the Agreed Protective Order in the Action shall be returned to the producing party or destroyed.  This obligation extends to the Class List.  Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

     D.    <u>No Construction Against Drafter</u>.  This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

     E.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

     F.    <u>Authority</u>.  Plaintiffs and sanofi represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and sanofi to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

     G.    <u>No Assignment</u>.  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

     H.    <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own

counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

      I.      Agreement Binding on Successors in Interest. This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

      J.      Execution In Counterparts. The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      K.      Notices. All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

As to Plaintiffs and the Settlement Class:      As to sanofi:

Adam M. Slater      Richard G. Rosenblatt
Matthew R. Mendelsohn      Sean P. Lynch
Mazie Slater Katz & Freeman      Morgan, Lewis & Bockius
103 Eisenhower Parkway      502 Carnegie Center
Roseland, New Jersey 07068      Princeton, New Jersey 08540

      L.      Retention of Jurisdiction. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

      IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of September _2_, 2015:

**PLAINTIFFS:**

Lisa Øverton

Merribeth Bazzell

Karen Fuller

14

counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

     I.     Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

     J.     Execution In Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

     K.     Notices.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

| As to Plaintiffs and the Settlement Class: | As to sanofi: |
|---|---|
| Adam M. Slater | Richard G. Rosenblatt |
| Matthew R. Mendelsohn | Sean P. Lynch |
| Mazie Slater Katz & Freeman | Morgan, Lewis & Bockius |
| 103 Eisenhower Parkway | 502 Carnegie Center |
| Roseland, New Jersey 07068 | Princeton, New Jersey 08540 |

     L.     Retention of Jurisdiction.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

     IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of September 3, 2015:

**PLAINTIFFS:**


_____

Lisa Overton


_____

Merribeth Bazzell


_____

Karen Fuller

counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

I.      <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

J.      <u>Execution In Counterparts</u>.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

K.      <u>Notices</u>.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and the Settlement Class:</u>      <u>As to sanofi</u>:

Adam M. Slater                          Richard G. Rosenblatt
Matthew R. Mendelsohn                    Sean P. Lynch
Mazie Slater Katz & Freeman              Morgan, Lewis & Bockius
103 Eisenhower Parkway                    502 Carnegie Center
Roseland, New Jersey 07068               Princeton, New Jersey 08540

L.      <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of September 3 , 2015:

**PLAINTIFFS:**

_____

Lisa Overton

_____

Merribeth Bazzell

_____

Karen Fuller

14

SANOFI-AVENTIS US LLC

By: _____

Its: _____

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC

By: _____
        Adam M. Slater

_____

**APPROVED AS TO FORM:**

**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP

By: _____
        Richard G. Rosenblatt

15

SANOFI-AVENTIS, U.S. LLC


By:   _____


Its:   _____


**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC


By:   _____
      Adam M. Slater

      _____


**APPROVED AS TO FORM:**

**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP


By:   _____
      Richard G. Rosenblatt

# EXHIBIT A

## FINAL APPROVAL ORDER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA OVERTON, MERRIBETH BAZZELL, and KAREN FULLER individually, and on behalf of all class of similarly situated individuals, | Civil Action No.: 3:13-cv-05535-PGS-DEA |
| Plaintiffs, | |
| v. | **FINAL APPROVAL ORDER** |
| SANOFI-AVENTIS U.S., LLC d/b/a SANOFI US, | |
| Defendant. | |

  This matter having come before the Court on Class Counsel's Unopposed Motion for Final Approval Order in the above-captioned matter (the "Action") between Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller, (hereinafter, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in the Preliminary Approval Order), and Defendant sanofi-aventis US LLC ("sanofi") (collectively, sanofi and Plaintiffs are referred to herein as the "Parties").  Having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows: (a) the Settlement is fair, reasonable and adequate to the Class; (b) the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) that final certification is granted to the Class; (d) that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (e) attorneys' fees and costs in the amount of

_____ payable to Class Counsel from the Settlement Fund are approved and

- 1 -

ordered consistent with the Settlement Agreement; (f) payment of incentive awards to the named

Plaintiffs is approved and ordered, consistent with the Settlement Agreement, as follows:

_____ to Lisa Overton; _____ to Merribeth Bazzell;

_____ to Karen Fuller; and (g) the within Action is hereby dismissed, with

prejudice, except as subject to the Court retaining continuing jurisdiction over the Parties for the

purpose of enforcement of the terms of the Settlement.

      IT IS SO ORDERED.


Dated: _____      _____

                                  Hon. Douglas E. Arpert
                                  United States Magistrate Judge

## **EXHIBIT B**

## **NOTICE**

**<u>United States District Court for the District of New Jersey</u>**

**If you worked for sanofi-aventis US LLC between August 1, 2012 and March 31, 2013, were eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® in 2012 and experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013, this Notice describes your rights and potential payment from a class action settlement.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Former employees of sanofi-aventis US LLC including Lisa Overton, Merribeth Bazzell and Karen Fuller ("Plaintiffs"), have sued sanofi-aventis US LLC ("sanofi").

- Plaintiffs allege that sanofi failed to pay the full amount of incentive compensation due for sales of Zaltrap® during 2012.  Plaintiffs assert that sanofi's adjustment of incentive compensation awards associated with sales of Zaltrap® constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, unjust enrichment and otherwise violates the New Jersey Wage Payment Law.    Sanofi denies these allegations.

- The Court has dismissed Plaintiffs' New Jersey Wage Payment Law claim, but has allowed the remaining claims to proceed through the fact development stage of the case known as "discovery."

- Plaintiffs and sanofi have reached a proposed settlement (the "Settlement") as described below.

- <u>You are part of the Settlement and are eligible to receive a settlement payment if:</u>

  (1) you worked for sanofi between August 1, 2012 and March 31, 2013, you were eligible to receive commissions, bonuses, incentives, payments, or other compensation related to the sales of Zaltrap® during 2012 and you experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013; and

  (2) you did not sign a release of the claims asserted in the Plaintiffs' lawsuit prior to May 19, 2015.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If you do nothing, you will receive the payment described below and will give up your rights to sue sanofi separately. |
| Exclude Yourself or "Opt Out" of the Settlement | If you ask to be excluded, you will not receive the benefits described below. This option allows you to pursue your claims against sanofi in the future. |
| Object | Write to the Court about why you believe the Settlement is unfair in any respect. |
| Go to the Final Approval Hearing | Ask to speak in Court about the fairness of the Settlement. |

1

# BASIC INFORMATION

## 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Overton v. sanofi aventis U.S. LLC,* Case No. 3:13-cv-05535 (United States District Court for the District of New Jersey).  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the Settlement and your rights under it.

## 2.  What is the class action lawsuit about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative Plaintiffs, also known as "Class Representatives," assert claims on behalf of the entire class.

Here, the Class Representatives claim that sanofi failed to pay the full amount of incentive compensation due for sales of Zaltrap® during the second half of 2012.  Plaintiffs assert that sanofi's adjustment of incentive compensation awards associated with sales of Zaltrap® constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, unjust enrichment and otherwise violates the New Jersey Wage Payment Law.

The Court has provisionally certified the lawsuit as a class action for settlement purposes only (the "Settlement Class").  Sanofi denies that it did anything wrong, and denies that this case would be certified as a class action if there was continued litigation.

## 3.  Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or sanofi.  Both sides agreed to a Settlement to avoid the risk, expense and distraction of litigation.  The Class Representatives and the lawyers representing the Settlement Class ("Class Counsel") think the Settlement is fair and recommend it for all persons in the Settlement Class.

# WHO IS IN THE SETTLEMENT

## 4.  How do I know if I am part of the Settlement?

You are in the Settlement Class if:

(1)  you are a current or former sanofi employee who was eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® during 2012 and you experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013; and

(2)  you did not sign a release of the claims asserted in the Plaintiffs' lawsuit prior to May 19, 2015.

The Settlement Class does not include any person who excludes him or herself from the Settlement by following the procedures described under Question 7.  A person who does not exclude him or herself is a "Settlement Class Member."

# THE SETTLEMENT BENEFITS THAT YOU WILL RECEIVE

### 5.   What will I receive as part of the Settlement?

Each Settlement Class Member will receive payment from the Net Settlement Fund that is the equivalent of a fixed percentage of their respective share of the amount of the total incentive compensation alleged to be due and owing to the Class Members.  For example, if the difference between your projected and adjusted 2012 Zaltrap® incentive compensation award equates to 1% of the collective negative adjustment made by sanofi to the 2012 Zaltrap® incentive compensation awards for all Class Members, you would receive a payment equal to 1% of the Net Settlement Fund, less applicable taxes.  To receive the precise calculation of your share of the settlement amount, please contact the Settlement Administrator at 1-XXX-XXX-XXXX.

### 6.   What am I giving up by staying in the Settlement Class and getting the Settlement payment?

Unless you exclude yourself, you will stay in the Settlement Class and be a Settlement Class Member.  That means that you cannot sue or be part of any other lawsuit against sanofi on claims concerning incentive compensation associated with sales of Zaltrap® during 2012 that are subject to the Settlement.  It also means that the Court's orders will apply to you and legally bind you.

The Settlement Agreement describes the claims you are releasing ("Released Claims") in detail.  In summary, the Released Claims include all claims arising out of the payment or non-payment of commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap®, in 2012, including, but not limited to, claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and any other statutory or common law claim.

If you have any questions about the Released Claims, you can talk to Class Counsel, listed under Question 8, for free, or you can, at your own expense, talk to your own lawyer.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive benefits from this Settlement, and you want to keep the right to sue or continue to sue sanofi on your own about the Released Claims under the Settlement, then you must take steps to exclude yourself from the Settlement.

### 7.   How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded.  You must sign the letter and include your full name, address and phone number.  You must also include the following statement: "I request to be excluded from the settlement in the Overton action" and mail your signed exclusion request postmarked no later than _____, 2015 to:

[INSERT]

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) sanofi in the future.

## THE LAWYERS REPRESENTING YOU

| 8.   Do I have a lawyer in this case? |
|---|

The Court appointed the following attorneys to represent you and the Settlement Class as Class Counsel:

Adam M. Slater, Esq.
Matthew R. Mendelsohn, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

You will not be separately charged for these lawyers' services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9.   How will Class Counsel and the Class Representatives be paid? |
|---|

Class Counsel will ask the Court to approve an attorneys' fee and cost award of $650,000.00. This payment will compensate Class Counsel for advancing their time, effort, and funds on a contingent basis, investigating the facts, litigating the case, negotiating the settlement including mediation with a retired Federal Judge, their reputation that led to, and their effort in concluding, the Settlement.  Class Counsel will also request service awards to be paid to each Class Representative in the amount of $25,000.

The Court may award less than the amounts requested for Class Counsel and the Class Representatives and the other plaintiffs.  You may object to Class Counsel's application for attorneys' fees and costs and/or the service awards. For more information about making an objection, see Question 10 below.

## OBJECTING TO THE SETTLEMENT

| 10.   How do I tell the Court if I do not think the Settlement is fair? |
|---|

You can tell the Court that you do not agree with the Settlement or some part of it.  If you are a Settlement Class Member, you can object to the Settlement and state reasons why you think the Court should not approve it.  The Court will consider your view.  To object, you must send a letter saying that you object to the proposed Settlement in *Overton v. sanofi aventis U.S. LLC,* Case No. 3:13-cv-05535. You must: (1) attach documents establishing, or provide information sufficient to allow the parties to confirm, that you are a Settlement Class Member; (2) include a statement of your specific objection; and (3) state the grounds for objection, as well as identify any documents that you want the Court to consider. In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection. Your objection must be filed no later than _____, 2015 with the Court:

4

|  |  |
|---|---|
| **Court:** | *Overton v. sanofi-aventis U.S. LLC* - Case No. 3:13-cv-05535 |
|  | Clerk of the Court |
|  | United States District Court for the District of New Jersey |
|  | Clarkson S. Fisher Building & U.S. Courthouse |
|  | 402 East State Street |
|  | Trenton, New Jersey 08608 |

Your objection must also be mailed to both Class Counsel and sanofi's counsel, as set forth below, postmarked no later than _____, 2015:

| **Class Counsel:** | **sanofi's Counsel:** |
|---|---|
| Adam M. Slater, Esq. | Richard G. Rosenblatt, Esq. |
| Matthew R. Mendelsohn, Esq. | Morgan Lewis & Bockius LLP |
| Mazie Slater Katz & Freeman, LLC | 502 Carnegie Center |
| 103 Eisenhower Parkway | Princeton New Jersey 08540 |
| Roseland, New Jersey 07068 | |

## THE FINAL APPROVAL HEARING

**11.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing ("Final Approval Hearing") to decide whether to approve the Settlement, including the amount of attorneys' fees and costs to be paid to Class Counsel and the amount of service awards to be paid to the Class Representatives.  This Final Approval Hearing will be held at ____am/pm on _____, 2015 at Courtroom 6W of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.  At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate, and whether to award attorneys' fees and costs and service awards as described above, and in what amounts.  If there are objections, the Court will consider them.  At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement.  The parties do not know how long it will take the Court to issue its decision.  It is not necessary for you to appear at the Final Approval Hearing, but you may attend at your own expense.

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file a Notice of Intent to Appear at the Final Approval Hearing with the Court and mail it to all of the parties, at the addresses under Question 10.  It must be filed, and postmarked no later than _____, 2015.

## IF YOU DO NOTHING

**12.  What happens if I do nothing at all?**

If you are a Settlement Class Member and do nothing, you will receive the settlement benefits described in Question 5 after the Court approves the Settlement and any appeals are resolved.  Unless you exclude yourself, you won't be able to start or be part of any other lawsuit against sanofi about the legal issues in this case, and all the decisions and judgments by the Court in this case will bind you, as will the Releases.

## GETTING MORE INFORMATION

| 13.  How do I get more information? |
|---|

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement. You may request a mailed copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-XXX-XXX-XXXX.

## EXHIBIT C

## PRELIMINARY APPROVAL ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA OVERTON, MERRIBETH BAZZELL, and KAREN FULLER individually, and on behalf of all class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANOFI-AVENTIS U.S., LLC d/b/a SANOFI US,<br><br>    Defendant. | Civil Action No.: 3:13-cv-05535-PGS-DEA<br><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING** |

This matter having come before the Court on the Motion For Preliminary Approval of a Proposed Class Action Settlement ("Motion For Preliminary Approval") of the above-captioned matter (the "Action") between Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller, (hereinafter, "Plaintiffs"), on behalf of themselves and the Class (as defined below), and Defendant, sanofi-aventis US LLC ("sanofi") (collectively, sanofi and Plaintiffs are referred to herein as the "Parties"), pursuant to the Parties' Settlement Agreement and Release (the "Settlement Agreement" or "Settlement").  Having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.     Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Settlement Agreement.

2.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risks,

burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also

finds that the Settlement: (a) has been negotiated in good faith at arm's length between

experienced attorneys familiar with the legal and factual issues of this case and was reached with

the assistance of the Honorable Diane Welsh (Ret. U.S.M.J.) of JAMS as a mediator; (b) is

sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Class; (c)

meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and (d) is

not an admission of liability by sanofi.

### Settlement Class Certification

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes

only, the Court conditionally certifies the proposed Class, consisting of:

> All current and former employees of sanofi who were eligible to receive
> commissions, bonuses, incentives, payments, benefits, or other compensation
> related to the sales of Zaltrap® in 2012 and who experienced a downward
> adjustment of such compensation in conjunction with sanofi's March 22, 2013
> incentive compensation payment.

The following persons, however, are excluded from the Class:

> All persons who executed a release of the claims asserted in this lawsuit prior to
> May 19, 2015.

4.      The Court hereby appoints Plaintiffs Lisa Overton, Merribeth Bazzell and Karen

Fuller as the "Class Representatives" pursuant to Rule 23 of the Federal Rules of Civil

Procedure, and finds that, for settlement purposes only, the Class Representatives have and will

fairly and adequately protect the interests of the Class.

5.      The Court hereby also appoints Adam M. Slater and Matthew R. Mendelsohn of

Mazie Slater Katz & Freeman, LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of

Civil Procedure, and finds that for settlement purposes, Class Counsel have and will fairly and

adequately protect the interests of the Class.

6.      Class Counsel are authorized to act on behalf of the Class with respect to all acts required by the Agreement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

7.       In connection with this conditional certification, the Court makes the following preliminary findings:

a.      The Class appears to be so numerous that joinder of all members is impracticable;

b.      There appear to be questions of law or fact common to the Class for purposes of determining whether the Settlement should be approved;

c.      The Class Representatives' claims appear to be typical of the claims being resolved through the Settlement;

d.      The Class Representatives appear to be capable of fairly and adequately protecting the interests of all members of the Class in connection with the Settlement;

e.      For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Class.  Accordingly, the Class appears to be sufficiently cohesive to warrant settlement by representation; and

f.      For purposes of settlement, certification of the Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Class.

g.      In certifying a class for settlement purposes, the Court is not required to determine whether the action would be manageable if tried.

8.      The Court finds, subject to the Final Approval Hearing referred to in Paragraph 19 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for

the purposes of settlement only, that the Class satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure.

### Notice and Administration

9.    The Court approves the proposed Notice Plan for giving direct notice to the Class

by U.S. Mail as set forth in the Settlement Agreement and Exhibit C thereto ("Notice Plan").

The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23

and due process, constitutes the best notice practicable under the circumstances, and is due and

sufficient notice to all persons entitled thereto.  The Court finds that the Notice Plan is

reasonably calculated to, under all circumstances, reasonably apprise the persons in the Class of

the pendency of this action, the terms of the Settlement Agreement, and the right to object to the

Settlement and to exclude themselves from the Settlement.  The Court directs the Parties and the

Claims Administrator to complete the Notice Plan in accordance with the terms of the Settlement

Agreement by no later than _____, which is thirty (30) days after the entry of this Order.

10.    Pursuant to the Settlement Agreement, Angeion Group ("Angeion") is hereby

appointed as Claims Administrator and shall be required to perform all the duties of the Claims

Administrator as set forth in the Settlement Agreement and this Order.

11.    Pursuant to the Settlement Agreement, the Claims Administrator shall provide

individual notice via U.S. Mail, to the most recent mailing address as reflected in sanofi's

computerized account records no later than _____, which is thirty (30) days

following entry of this Order.

### Exclusion/Opt Out Requests

12.    Any person who meets the definition of a Class Member and who wishes to

exclude himself or herself from the Settlement must submit his or her request for exclusion in

writing.  Exclusion requests must:  (a) be signed by the Class Member who is requesting exclusion; (b) include the full name and address of the person requesting exclusion; and (c) include the following statement:  "I/we request to be excluded from the settlement in the Overton action."  The request must be mailed to the Claims Administrator at the address provided in the notice and postmarked no later than _____, which is thirty-five (35) days after the Notice Deadline.  A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and any person submitting such a request shall be deemed a Settlement Class Member, and shall be bound as a Settlement Class Member by the Settlement.

13.     Class Members who exclude themselves from the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims.  However, Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

14.     If three or more Class Members opt out of the settlement, in accordance with the terms of the Settlement Agreement, sanofi, in its sole discretion, may terminate the Settlement. Sanofi shall inform Class Counsel within fourteen (14) days after it receives from the Settlement Administrator notice of the total number of valid opt-out requests as to whether it will exercise the right of termination.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

**Objections**

15.     Any Class Member may comment in support of or in opposition to the

Settlement; provided, however, that all comments and objections must be filed with the Court by

_____, 2015, which is thirty-five (35) days following the Notice Deadline.  A Class

Member who objects to the Settlement need not appear at the Final Approval Hearing for his or

her comment to be considered by the Court; however, all papers, briefs, pleadings, or other

documents that any objector would like the Court to consider ("Objections") must be filed with

the Court no later than _____, 2015, which is thirty-five (35) days following the

Notice Deadline.  All objections must: (a) attach documents establishing, or provide information

sufficient to allow the Parties to confirm, that the objector is a Class Member; (b) include a

statement of such Class Member's specific objections; and (c) state the grounds for objection, as

well as identify any documents which the objector desires the Court to consider.  In addition, any

Settlement Class Member objecting to the settlement shall provide a list of all other objections

submitted by the objector, or the objector's counsel, to any class action settlements submitted in

any court in the United States in the previous five years. If the Settlement Class Member or his,

her or its counsel has not objected to any other class action settlement in the United States in the

previous five years, he, she or it shall affirmatively so state in the objection.  All Objections must

be filed with the Court and mailed to each of the following, postmarked no later than the last day

to file the objection:  (a) Class Counsel via Matthew R. Mendelsohn, Esq., Mazie Slater Katz &

Freeman, 103 Eisenhower Parkway, Roseland, New Jersey 07068; and (b) sanofi's Counsel via

Richard G. Rosenblatt, Esq., Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton,

New Jersey 08540.

16.     Any Class Member who fails to timely file a written objection with the Court as

prescribed herein shall be deemed to have waived his or her objections and forever be barred

from making any such objections in this Action.

## **Attorneys' Fees and Costs**

17.     At least seven (7) days before the Exclusion/Objection Deadline, papers

supporting Class Counsel's request for fees and expenses shall be filed with the Court.

18.     If a Class Member does not submit a written comment on the proposed Settlement

or the application of Class Counsel for attorneys' fees and expenses, and Service Awards to the

Class Representatives who pursued putative class action claims against sanofi for the claims that

are the subject of this Settlement in accordance with the deadline and procedure set forth in the

Class Notice, and the Class Member is not granted relief by the Court, such Class Member will

be deemed to have waived his or her right to be heard at the Final Approval Hearing.

Additionally, any Class Member who intends to appear at the Final Approval Hearing, must file

and serve on all Parties a Notice of Intention to Appear with the Court.

## **Final Approval Hearing**

19.     The Final Approval Hearing will be held on _____ at

_____ A.M./P.M. before this Court in Courtroom 6W, Clarkson S. Fisher Building & U.S.

Courthouse, 402 East State Street, Trenton, New Jersey 08608 to determine (a) whether the

proposed Settlement on the terms and conditions provided for in the Settlement Agreement is

fair, reasonable and adequate and should be given final approval by the Court; (b) whether a

judgment and order of dismissal with prejudice should be entered; (c) whether the Class should

be finally certified for settlement purposes; and (d) whether to approve Class Counsel's

application for attorneys' fees and expenses, and Service Awards to Plaintiffs, and in what

amount.

20.     Papers in support of final approval of the Settlement Agreement and in response

to any objections shall be filed with the Court at least seven (7) days prior to the Final Approval Hearing.

**Further Matters**

21.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement and this Order are not, and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, or could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (b) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties.  Sanofi has denied and continues to deny the claims asserted by Plaintiff.  Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

22.     The Action (including any motions, discovery, or other pleadings) shall be stayed and held in abeyance pending further order of the Court.

23.     The certification of the Class shall be binding only with respect to the settlement of the Action.  In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Class shall be deemed vacated, the Action shall proceed as if the Class had never been certified (including sanofi's right to oppose any subsequent motion for class certification), and no reference to the

Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose, except as otherwise agreed in writing.

### Continuing Jurisdiction

24.     If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Parties and the Class Members with respect to all matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Class Members.

### Schedule of Future Events

25.     Accordingly, the Court enters the following dates:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Notice Deadline | Within 30 days of Preliminary Approval Order |
| Class Counsel's Fee Motion Submitted | 7 days before Exclusion/Objection Deadline |
| Exclusion/Objection Deadline | 35 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | At least 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 14 days after Exclusion/Objection Deadline |
| Final Approval Order Entered | At the Court's Discretion |

IT IS SO ORDERED.


Dated: _____        _____
                                        Hon. Douglas E. Arpert
                                        United States Magistrate Judge

# EXHIBIT B

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller (hereinafter, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant, sanofi-aventis US LLC ("sanofi") (together referred to herein as the "Parties") hereby enter into this written amendment and addendum to the Settlement Agreement and Release entered into by the Parties on September 3, 2015 and submitted to the Court on September 4, 2015 (Docket No. 42-1) (the "Settlement Agreement").

1. Paragraph 4 of the Settlement Agreement is amended to state the following:

"4.   Settlement Amount.  In full settlement of the Released Claims, sanofi shall pay or cause to be paid a gross total sum not to exceed Two Million Five Hundred Six Thousand Two Hundred Forty Dollars and Twelve Cents ($2,506,240.12) (the "Settlement Amount"), which amount shall cover all Settlement Costs and all amounts to be paid to Settlement Class Members.  Defendants will not be required, under any circumstance, to pay more than the gross total Settlement Amount of Two Million Five Hundred Six Thousand Two Hundred Forty Dollars and Twelve Cents ($2,506,240.12), with the express exception that if settlement administration costs exceed $10,000.00, Defendants will be solely responsible for payment of the costs in excess of $10,000.00.

In the event a notice of appeal is filed, the Settlement Amount shall be placed in an interest bearing account within thirty (30) days after the notice of appeal is filed.  The funds will remain in the interest bearing account until the Effective Date.  If the Settlement is overturned on appeal, the Settlement Amount and any accrued interest will be paid to sanofi.

If the Settlement is upheld on appeal, the Settlement Amount and any accrued interest shall be paid to the Settlement Administrator within thirty (30) days after the Effective Date for distribution in accordance with this Agreement, with any accrued interest becoming part of the Settlement Fund.  If no appeal is filed, the Settlement Amount shall be paid to the Settlement Administrator within thirty (30) days after the Effective Date for distribution in accordance with this Agreement.  In either instance, the Settlement Amount will be paid into a separate escrow account maintained by the Settlement Administrator, on behalf of Plaintiffs and the Class.  After the occurrence of the Effective Date, the Settlement Fund shall be applied to pay the Settlement Costs and to distribute payments to Settlement Class Members.

The Released Parties shall have no responsibility for maintaining or investing the Settlement Amount, for the establishment or maintenance of the escrow account, for the payment of Settlement Fund Taxes or Tax Expenses, or for the distribution of the Settlement Fund or the administration of the Settlement.  The Released Parties take no position with respect to the provisions of this Agreement governing those issues.  The Released Parties shall have no further or other liability or obligations to Plaintiffs, Class Counsel, or any Class Members with respect to the Released Claims except as expressly stated in this Agreement."

2.   The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of <u>December 2</u>, 2015:

**PLAINTIFFS:**

_____
Lisa Overton

_____
Merribeth Bazzell

_____
Karen Fuller

**SANOFI-AVENTIS US LLC:**

By:      _____

Its:     _____

**APPROVED AS TO FORM:**
**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC

By:      _____
            Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP

By:      _____
            Richard G. Rosenblatt

2

2.  The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2015:

**PLAINTIFFS:**

_____
Lisa Overton

_____
Merribeth Bazzell

_____
Karen Fuller

**SANOFI-AVENTIS US LLC:**

By: _____

Its: _____

**APPROVED AS TO FORM:**
**CLASS COUNSEL**
Mazie Slater Katz & Freeman, LLC

By: _____
        Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**
MORGAN, LEWIS & BOCKIUS LLP

By: _____
        Richard G. Rosenblatt

2

2.  The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of  December 2       , 2015:

**PLAINTIFFS:**

_____

Lisa Overton

_____

Merribeth Bazzell

_____

Karen Fuller

**SANOFI-AVENTIS US LLC:**

By:        _____

Its:        _____

**APPROVED AS TO FORM:**
**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC

By:        _____
            Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP

By:        _____
            Richard G. Rosenblatt

2

2.   The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2015:

**PLAINTIFFS:**

_____
Lisa Overton

_____
Merribeth Bazzell

_____
Karen Fuller

**SANOFI-AVENTIS US LLC:**

By:     _____

Its:    _____

**APPROVED AS TO FORM:**
**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC

By:     _____
        Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP

By:     _____
        Richard G. Rosenblatt

2

EXHIBIT C

## SECOND ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Lisa Overton, Merribeth Bazzell and Karen Fuller (hereinafter, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant, sanofi-aventis US LLC ("sanofi") (together referred to herein as the "Parties") hereby enter into this written amendment and addendum to the Settlement Agreement and Release entered into by the Parties on September 3, 2015,  and amended by the Parties on December 3, 2015 (the "Settlement Agreement").

1. Paragraph 4 of the Settlement Agreement is amended to state the following:

"4.   Settlement Amount.  In full settlement of the Released Claims, sanofi shall pay or cause to be paid a gross total sum not to exceed Two Million Five Hundred Eighteen Thousand Six Hundred One Dollars and Fifty Six Cents ($2,518,601.56) (the "Settlement Amount"), which amount shall cover all Settlement Costs and all amounts to be paid to Settlement Class Members.  Defendants will not be required, under any circumstance, to pay more than the gross total Settlement Amount of Two Million Five Hundred Eighteen Thousand Six Hundred One Dollars and Fifty Six Cents ($2,518,601.56), with the express exception that if settlement administration costs exceed $10,000.00, Defendants will be solely responsible for payment of the costs in excess of $10,000.00.

In the event a notice of appeal is filed, the Settlement Amount shall be placed in an interest bearing account within thirty (30) days after the notice of appeal is filed.  The funds will remain in the interest bearing account until the Effective Date.  If the Settlement is overturned on appeal, the Settlement Amount and any accrued interest will be paid to sanofi.

If the Settlement is upheld on appeal, the Settlement Amount and any accrued interest shall be paid to the Settlement Administrator within thirty (30) days after the Effective Date for distribution in accordance with this Agreement, with any accrued interest becoming part of the Settlement Fund.  If no appeal is filed, the Settlement Amount shall be paid to the Settlement Administrator within thirty (30) days after the Effective Date for distribution in accordance with this Agreement.  In either instance, the Settlement Amount will be paid into a separate escrow account maintained by the Settlement Administrator, on behalf of Plaintiffs and the Class.  After the occurrence of the Effective Date, the Settlement Fund shall be applied to pay the Settlement Costs and to distribute payments to Settlement Class Members.

The Released Parties shall have no responsibility for maintaining or investing the Settlement Amount, for the establishment or maintenance of the escrow account, for the payment of Settlement Fund Taxes or Tax Expenses, or for the distribution of the Settlement Fund or the administration of the Settlement.  The Released Parties take no position with respect to the provisions of this Agreement governing those issues.  The Released Parties shall have no further or other liability or obligations to Plaintiffs, Class Counsel, or any Class Members with respect to the Released Claims except as expressly stated in this Agreement."

2.  The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of ___January 5___, 2016:

**PLAINTIFFS:**

_____
Lisa Overton

_____
Merribeth Bazzell

_____
Karen Fuller

**SANOFI-AVENTIS US LLC:**

By: _____

Its: _____

**APPROVED AS TO FORM:**
**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC

By: _____
         Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP

By: _____
         Richard G. Rosenblatt

2

2. The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2015:

**PLAINTIFFS:**

_____
Lisa Overton

_____
Merribeth Bazzell

_____
Karen Fuller

**SANOFI-AVENTIS US LLC:**

By: _____

Its: _____

**APPROVED AS TO FORM:**
**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC

By: _____
        Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP

By: _____
        Richard G. Rosenblatt

2.   The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2016:

**PLAINTIFFS:**


_____
Lisa Overton


_____
Merribeth Bazzell


_____
Karen Fuller


**SANOFI-AVENTIS US LLC:**

By:   _____

Its:   _____


**APPROVED AS TO FORM:**
**CLASS COUNSEL**
Mazie Slater Katz & Freeman, LLC


By:   _____
         Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**
MORGAN, LEWIS & BOCKIUS LLP


By:   _____
         Richard G. Rosenblatt

2.   The remainder of the Settlement Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2016:

**PLAINTIFFS:**

_____
Lisa Overton


_____
Merribeth Bazzell


_____
Karen Fuller

**SANOFI-AVENTIS US LLC:**

By:  _____

Its:  _____


**APPROVED AS TO FORM:**
**CLASS COUNSEL**

Mazie Slater Katz & Freeman, LLC


By:  _____
        Matthew R. Mendelsohn

**APPROVED AS TO FORM:**
**DEFENDANT'S COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP


By:  _____
        Richard G. Rosenblatt

2

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA OVERTON, MERRIBETH BAZZELL, and KAREN FULLER, individually and on behalf of all class of similarly situated individuals,<br><br>          Plaintiffs,<br><br>   -against-<br><br>SANOFI-AVENTIZ U.S., LLC d/b/a SANOFI US,<br><br>Defendants. | Civil Action No.: 3:13-cv-05535-PGS-DEA |

## <u>DECLARATION OF BRIAN S. DEVERY</u>

I, BRIAN S. DEVERY declare:

1.      I am a Project Manager   with Angeion Group ("Angeion"), located at 1801 Market Street, Suite 660, Philadelphia, PA 19103.  I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      The purpose of this declaration is to provide the Parties and the Court with a summary and the results of the work performed by Angeion related to the Notice Procedures for the *Overton et al. v. Sanofi US.* Civil Action No. 3:13-cv-05535-PSG-DEA class action lawsuit, following the October 7, 2015 Order Preliminarily Approving Class Action Settlement, Certifying Settlement Class, Approving Procedure and Form of Notice, and Scheduling Final Approval Hearing.

3.      Angeion was retained to, among other tasks: (a) calculate Class Members' share of the Net Settlement Fund; (b) oversee the mailing of the Notice of Proposed Class Action Settlement ("Notice"); (c) trace and remail undeliverable Notices returned by the United State Postal Service ("USPS") with forwarding addresses, as well as remail Notices for which new addresses were provided by Class Counsel or class members; (d) provide Class Counsel with activity reports; and (e) update the addresses of Class Members as provided by Class Counsel.  A copy of the Notice is attached hereto as Exhibit A.

**Initial Mailing:**

4.      On October 12, 2015, Angeion received from the Defendant an Excel spreadsheet containing the Class Members.  Angeion reviewed the Class List, updated the Class Member information and removed any duplicate entries as was applicable resulting in a final Class Member list containing 114 Class Members to which Notices   would be mailed.

5.      On November 5, 2015, the Notices were mailed to Class Members who were contained in the Class Member list via First Class Mail postage prepaid. The Notices mailed contained all relevant information required and were in the same format as Exhibit A attached hereto.

 **Supplemental Mailing:**

6.      On December 1, 2015, Angeion received from the Defendant an Excel spreadsheet containing the Supplemental Class Members.  Angeion reviewed the Class List, updated the Class Member information and removed any duplicate entries as was applicable resulting in a final Supplemental Class Member list containing 11 Class Members to which Notices  would be mailed.

7.      On December 2, 2015, the Notices were mailed to the Supplemental Class Members who were contained in the Supplemental Class Member list via First Class Mail postage prepaid. The Notices mailed contained all relevant information required and were in the same format as Exhibit B attached hereto.

8.      During the period from November 5, 2015 through February 8, 2016, 2 Notices were returned to Angeion by the USPS with a forwarding address.

9.      During the period from November 5, 2015 through February 8, 2016, 2 Notices were returned to Angeion by the USPS without forwarding addresses.  Angeion conducted a skip trace on these undeliverables in an effort to locate new addresses.  Of the Class Members whose returned mail was skip traced, a new address was found for 1 of them.  The Class List was updated with the new address and Notice was remailed to the Class Member.  Class counsel was able to contact the Class Member where no updated address was located via skip trace.  Class Counsel provided the Class Member with all necessary and appropriate documentation.  That Class Member later contacted Angeion via telephone and an updated address was provided.

10.     As of the date of this declaration, there are no notices that remain undeliverable.  Of the Class Members for whom new addresses were located by skip tracing, via the USPS or by other means such as Counsel updates, none have been returned as undeliverable a second time.

11.     In this case, after adhering to all of the Notice requirements of the Order Preliminarily Approving Settlment and Providing for Notice,  which included the initial mailing and remailing, Angeion has received no requests for Exclusion and no Objections.

12.     I declare under penalty of perjury pursuant to the laws of the State of New Jersey, that the above is true and correct to the best of my knowledge and that this declaration was executed this 1st day of February 2016 at Oakdale, NY.


By
BRIAN S. DEVERY

# Exhibit A

<u>**United States District Court for the District of New Jersey**</u>

**If you worked for sanofi-aventis US LLC between August 1, 2012 and March 31, 2013, were eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® in 2012 and experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013, this Notice describes your rights and potential payment from a class action settlement.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Former employees of sanofi-aventis US LLC including Lisa Overton, Merribeth Bazzell and Karen Fuller ("Plaintiffs"), have sued sanofi-aventis US LLC ("sanofi").

- Plaintiffs allege that sanofi failed to pay the full amount of incentive compensation due for sales of Zaltrap® during 2012. Plaintiffs assert that sanofi's adjustment of incentive compensation awards associated with sales of Zaltrap® constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, unjust enrichment and otherwise violates the New Jersey Wage Payment Law. Sanofi denies these allegations.

- The Court has dismissed Plaintiffs' New Jersey Wage Payment Law claim, but has allowed the remaining claims to proceed through the fact development stage of the case known as "discovery."

- Plaintiffs and sanofi have reached a proposed settlement (the "Settlement") as described below.

- <u>You are part of the Settlement and are eligible to receive a settlement payment if:</u>

  (1) you worked for sanofi between August 1, 2012 and March 31, 2013, you were eligible to receive commissions, bonuses, incentives, payments, or other compensation related to the sales of Zaltrap® during 2012 and you experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013; and

  (2) you did not sign a release of the claims asserted in the Plaintiffs' lawsuit prior to May 19, 2015.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If you do nothing, you will receive the payment described below and will give up your rights to sue sanofi separately. |
| Exclude Yourself or "Opt Out" of the Settlement | If you ask to be excluded, you will not receive the benefits described below. This option allows you to pursue your claims against sanofi in the future. |
| Object | Write to the Court about why you believe the Settlement is unfair in any respect. |
| Go to the Final Approval Hearing | Ask to speak in Court about the fairness of the Settlement. |

1

# BASIC INFORMATION

| 1.  What is the purpose of this Notice? |
|---|

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Overton v. sanofi aventis U.S. LLC,* Case No. 3:13-cv-05535 (United States District Court for the District of New Jersey).  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the Settlement and your rights under it.

| 2.  What is the class action lawsuit about? |
|---|

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative Plaintiffs, also known as "Class Representatives," assert claims on behalf of the entire class.

Here, the Class Representatives claim that sanofi failed to pay the full amount of incentive compensation due for sales of Zaltrap® during the second half of 2012.  Plaintiffs assert that sanofi's adjustment of incentive compensation awards associated with sales of Zaltrap® constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, unjust enrichment and otherwise violates the New Jersey Wage Payment Law.

The Court has provisionally certified the lawsuit as a class action for settlement purposes only (the "Settlement Class").  Sanofi denies that it did anything wrong, and denies that this case would be certified as a class action if there was continued litigation.

| 3.  Why is there a Settlement? |
|---|

The Court did not decide in favor of Plaintiffs or sanofi.  Both sides agreed to a Settlement to avoid the risk, expense and distraction of litigation.  The Class Representatives and the lawyers representing the Settlement Class ("Class Counsel") think the Settlement is fair and recommend it for all persons in the Settlement Class.

# WHO IS IN THE SETTLEMENT

| 4.  How do I know if I am part of the Settlement? |
|---|

You are in the Settlement Class if:

(1)    you are a current or former sanofi employee who was eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® during 2012 and you experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013; and

(2)    you did not sign a release of the claims asserted in the Plaintiffs' lawsuit prior to May 19, 2015.

The Settlement Class does not include any person who excludes him or herself from the Settlement by following the procedures described under Question 7.  A person who does not exclude him or herself is a "Settlement Class Member."

# THE SETTLEMENT BENEFITS THAT YOU WILL RECEIVE

## 5.  What will I receive as part of the Settlement?

Each Settlement Class Member will receive payment from the Net Settlement Fund that is the equivalent of a fixed percentage of their respective share of the amount of the total incentive compensation alleged to be due and owing to the Class Members.  For example, if the difference between your projected and adjusted 2012 Zaltrap® incentive compensation award equates to 1% of the collective negative adjustment made by sanofi to the 2012 Zaltrap® incentive compensation awards for all Class Members, you would receive a payment equal to 1% of the Net Settlement Fund, less applicable taxes.  To receive the precise calculation of your share of the settlement amount, please contact the Settlement Administrator at 1-888-868-4936.

## 6.  What am I giving up by staying in the Settlement Class and getting the Settlement payment?

Unless you exclude yourself, you will stay in the Settlement Class and be a Settlement Class Member. That means that you cannot sue or be part of any other lawsuit against sanofi on claims concerning incentive compensation associated with sales of Zaltrap® during 2012 that are subject to the Settlement. It also means that the Court's orders will apply to you and legally bind you.

The Settlement Agreement describes the claims you are releasing ("Released Claims") in detail.  In summary, the Released Claims include all claims arising out of the payment or non-payment of commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap®, in 2012, including, but not limited to, claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and any other statutory or common law claim.

If you have any questions about the Released Claims, you can talk to Class Counsel, listed under Question 8, for free, or you can, at your own expense, talk to your own lawyer.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive benefits from this Settlement, and you want to keep the right to sue or continue to sue sanofi on your own about the Released Claims under the Settlement, then you must take steps to exclude yourself from the Settlement.

## 7.  How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded.  You must sign the letter and include your full name, address and phone number.  You must also include the following statement: "I request to be excluded from the settlement in the Overton action" and mail your signed exclusion request postmarked no later than December 10, 2015 to:

Sanofi US – Overton Settlement
Attn: Exclusions
1801 Market Street, Suite 660
Philadelphia, PA 19103

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) sanofi in the future.

# THE LAWYERS REPRESENTING YOU

### 8.  Do I have a lawyer in this case?

The Court appointed the following attorneys to represent you and the Settlement Class as Class Counsel:

Adam M. Slater, Esq.
Matthew R. Mendelsohn, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

You will not be separately charged for these lawyers' services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 9.  How will Class Counsel and the Class Representatives be paid?

Class Counsel will ask the Court to approve an attorneys' fee and cost award of $650,000.00.  This payment will compensate Class Counsel for advancing their time, effort, and funds on a contingent basis, investigating the facts, litigating the case, negotiating the settlement including mediation with a retired Federal Judge, their reputation that led to, and their effort in concluding, the Settlement.  Class Counsel will also request service awards to be paid to each Class Representative in the amount of $25,000.

The Court may award less than the amounts requested for Class Counsel and the Class Representatives and the other plaintiffs.  You may object to Class Counsel's application for attorneys' fees and costs and/or the service awards. For more information about making an objection, see Question 10 below.

# OBJECTING TO THE SETTLEMENT

**10.  How do I tell the Court if I do not think the Settlement is fair?**

You can tell the Court that you do not agree with the Settlement or some part of it.  If you are a Settlement Class Member, you can object to the Settlement and state reasons why you think the Court should not approve it.  The Court will consider your view.  To object, you must send a letter saying that you object to the proposed Settlement in *Overton v. sanofi aventis U.S. LLC,* Case No. 3:13-cv-05535.  You must: (1) attach documents establishing, or provide information sufficient to allow the parties to confirm, that you are a Settlement Class Member; (2) include a statement of your specific objection; and (3) state the grounds for objection, as well as identify any documents that you want the Court to consider.  In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection. Your objection must be filed no later than December 10, 2015 with the Court:

|  |  |
|---|---|
| **Court:** | *Overton v. sanofi-aventis U.S. LLC* - Case No. 3:13-cv-05535 |
|  | Clerk of the Court |
|  | United States District Court for the District of New Jersey |
|  | Clarkson S. Fisher Building & U.S. Courthouse |
|  | 402 East State Street |
|  | Trenton, New Jersey 08608 |

Your objection must also be mailed to both Class Counsel and sanofi's counsel, as set forth below, postmarked no later than December 10, 2015.

| **Class Counsel:** | **sanofi's Counsel:** |
|---|---|
| Adam M. Slater, Esq. | Richard G. Rosenblatt, Esq. |
| Matthew R. Mendelsohn, Esq. | Morgan Lewis & Bockius LLP |
| Mazie Slater Katz & Freeman, LLC | 502 Carnegie Center |
| 103 Eisenhower Parkway | Princeton New Jersey 08540 |
| Roseland, New Jersey 07068 | |

# THE FINAL APPROVAL HEARING

**11.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing ("Final Approval Hearing") to decide whether to approve the Settlement, including the amount of attorneys' fees and costs to be paid to Class Counsel and the amount of service awards to be paid to the Class Representatives.  This Final Approval Hearing will be held at 2:00 pm on January 19, 2016 at Courtroom 6W of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.  At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate, and whether to award attorneys' fees and costs and service awards as described above, and in what amounts. If there are objections, the Court will consider them.  At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement.  The parties do not know how long it will take the Court to issue

SAN

its decision.  It is not necessary for you to appear at the Final Approval Hearing, but you may attend at your own expense.

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file a Notice of Intent to Appear at the Final Approval Hearing with the Court and mail it to all of the parties, at the addresses under Question 10.  It must be filed, and postmarked no later than December 10, 2015.

## IF YOU DO NOTHING

| 12.  What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member and do nothing, you will receive the settlement benefits described in Question 5 after the Court approves the Settlement and any appeals are resolved.  Unless you exclude yourself, you won't be able to start or be part of any other lawsuit against sanofi about the legal issues in this case, and all the decisions and judgments by the Court in this case will bind you, as will the Releases.

## GETTING MORE INFORMATION

| 13.  How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You may request a mailed copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-888-868-4936.

Exhibit B

**SAN**

### United States District Court for the District of New Jersey

**If you worked for sanofi-aventis US LLC between August 1, 2012 and March 31, 2013, were eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® in 2012 and experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013, this Notice describes your rights and potential payment from a class action settlement.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Former employees of sanofi-aventis US LLC including Lisa Overton, Merribeth Bazzell and Karen Fuller ("Plaintiffs"), have sued sanofi-aventis US LLC ("sanofi").

- Plaintiffs allege that sanofi failed to pay the full amount of incentive compensation due for sales of Zaltrap® during 2012.  Plaintiffs assert that sanofi's adjustment of incentive compensation awards associated with sales of Zaltrap® constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, unjust enrichment and otherwise violates the New Jersey Wage Payment Law.    Sanofi denies these allegations.

- The Court has dismissed Plaintiffs' New Jersey Wage Payment Law claim, but has allowed the remaining claims to proceed through the fact development stage of the case known as "discovery."

- Plaintiffs and sanofi have reached a proposed settlement (the "Settlement") as described below.

- You are part of the Settlement and are eligible to receive a settlement payment if:

    (1) you worked for sanofi between August 1, 2012 and March 31, 2013, you were eligible to receive commissions, bonuses, incentives, payments, or other compensation related to the sales of Zaltrap® during 2012 and you experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013; and

    (2) you did not sign a release of the claims asserted in the Plaintiffs' lawsuit prior to May 19, 2015.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If you do nothing, you will receive the payment described below and will give up your rights to sue sanofi separately. |
| Exclude Yourself or "Opt Out" of the Settlement | If you ask to be excluded, you will not receive the benefits described below. This option allows you to pursue your claims against sanofi in the future. |
| Object | Write to the Court about why you believe the Settlement is unfair in any respect. |
| Go to the Final Approval Hearing | Ask to speak in Court about the fairness of the Settlement. |

**SAN**

# BASIC INFORMATION

**1.  What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Overton v. sanofi aventis U.S. LLC,* Case No. 3:13-cv-05535 (United States District Court for the District of New Jersey).  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the Settlement and your rights under it.

**2.  What is the class action lawsuit about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative Plaintiffs, also known as "Class Representatives," assert claims on behalf of the entire class.

Here, the Class Representatives claim that sanofi failed to pay the full amount of incentive compensation due for sales of Zaltrap® during the second half of 2012.  Plaintiffs assert that sanofi's adjustment of incentive compensation awards associated with sales of Zaltrap® constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, unjust enrichment and otherwise violates the New Jersey Wage Payment Law.

The Court has provisionally certified the lawsuit as a class action for settlement purposes only (the "Settlement Class").  Sanofi denies that it did anything wrong, and denies that this case would be certified as a class action if there was continued litigation.

**3.  Why is there a Settlement?**

The Court did not decide in favor of Plaintiffs or sanofi.  Both sides agreed to a Settlement to avoid the risk, expense and distraction of litigation.  The Class Representatives and the lawyers representing the Settlement Class ("Class Counsel") think the Settlement is fair and recommend it for all persons in the Settlement Class.

# WHO IS IN THE SETTLEMENT

**4.  How do I know if I am part of the Settlement?**

You are in the Settlement Class if:

(1)  you are a current or former sanofi employee who was eligible to receive commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap® during 2012 and you experienced a downward adjustment of such compensation in conjunction with sanofi's incentive compensation payments for 2012 Zaltrap® sales in the spring of 2013; and

(2)  you did not sign a release of the claims asserted in the Plaintiffs' lawsuit prior to May 19, 2015.

The Settlement Class does not include any person who excludes him or herself from the Settlement by following the procedures described under Question 7.  A person who does not exclude him or herself is a "Settlement Class Member."

SAN

# THE SETTLEMENT BENEFITS THAT YOU WILL RECEIVE

| 5.  What will I receive as part of the Settlement? |
| --- |

Each Settlement Class Member will receive payment from the Net Settlement Fund that is the equivalent of a fixed percentage of their respective share of the amount of the total incentive compensation alleged to be due and owing to the Class Members.  For example, if the difference between your projected and adjusted 2012 Zaltrap® incentive compensation award equates to 1% of the collective negative adjustment made by sanofi to the 2012 Zaltrap® incentive compensation awards for all Class Members, you would receive a payment equal to 1% of the Net Settlement Fund, less applicable taxes.  To receive the precise calculation of your share of the settlement amount, please contact the Settlement Administrator at 1-888-868-4936.

| 6.  What am I giving up by staying in the Settlement Class and getting the Settlement payment? |
| --- |

Unless you exclude yourself, you will stay in the Settlement Class and be a Settlement Class Member. That means that you cannot sue or be part of any other lawsuit against sanofi on claims concerning incentive compensation associated with sales of Zaltrap® during 2012 that are subject to the Settlement. It also means that the Court's orders will apply to you and legally bind you.

The Settlement Agreement describes the claims you are releasing ("Released Claims") in detail.  In summary, the Released Claims include all claims arising out of the payment or non-payment of commissions, bonuses, incentives, payments, benefits, or other compensation related to the sales of Zaltrap®, in 2012, including, but not limited to, claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and any other statutory or common law claim.

If you have any questions about the Released Claims, you can talk to Class Counsel, listed under Question 8, for free, or you can, at your own expense, talk to your own lawyer.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive benefits from this Settlement, and you want to keep the right to sue or continue to sue sanofi on your own about the Released Claims under the Settlement, then you must take steps to exclude yourself from the Settlement.

| 7.  How do I exclude myself from the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded.  You must sign the letter and include your full name, address and phone number.  You must also include the following statement: "I request to be excluded from the settlement in the Overton action" and mail your signed exclusion request postmarked no later than January 11, 2016 to:

Sanofi US – Overton Settlement
Attn: Exclusions
1801 Market Street, Suite 660
Philadelphia, PA 19103

**SAN**

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) sanofi in the future.

# THE LAWYERS REPRESENTING YOU

## 8.   Do I have a lawyer in this case?

The Court appointed the following attorneys to represent you and the Settlement Class as Class Counsel:

Adam M. Slater, Esq.
Matthew R. Mendelsohn, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

You will not be separately charged for these lawyers' services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 9.   How will Class Counsel and the Class Representatives be paid?

Class Counsel will ask the Court to approve an attorneys' fee and cost award of $650,000.00. This payment will compensate Class Counsel for advancing their time, effort, and funds on a contingent basis, investigating the facts, litigating the case, negotiating the settlement including mediation with a retired Federal Judge, their reputation that led to, and their effort in concluding, the Settlement.  Class Counsel will also request service awards to be paid to each Class Representative in the amount of $25,000.

The Court may award less than the amounts requested for Class Counsel and the Class Representatives and the other plaintiffs.  You may object to Class Counsel's application for attorneys' fees and costs and/or the service awards. For more information about making an objection, see Question 10 below.

# OBJECTING TO THE SETTLEMENT

**10.  How do I tell the Court if I do not think the Settlement is fair?**

You can tell the Court that you do not agree with the Settlement or some part of it.  If you are a Settlement Class Member, you can object to the Settlement and state reasons why you think the Court should not approve it.  The Court will consider your view.  To object, you must send a letter saying that you object to the proposed Settlement in *Overton v. sanofi aventis U.S. LLC,* Case No. 3:13-cv-05535. You must: (1) attach documents establishing, or provide information sufficient to allow the parties to confirm, that you are a Settlement Class Member; (2) include a statement of your specific objection; and (3) state the grounds for objection, as well as identify any documents that you want the Court to consider. In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection. Your objection must be filed no later than January 11, 2016 with the Court:

| | |
|---|---|
| **Court:** | *Overton v. sanofi-aventis U.S. LLC* - Case No. 3:13-cv-05535 |
| | Clerk of the Court |
| | United States District Court for the District of New Jersey |
| | Clarkson S. Fisher Building & U.S. Courthouse |
| | 402 East State Street |
| | Trenton, New Jersey 08608 |

Your objection must also be mailed to both Class Counsel and sanofi's counsel, as set forth below, postmarked no later than January 11, 2016.

**Class Counsel:**                                         **sanofi's Counsel:**
  Adam M. Slater, Esq.                                   Richard G. Rosenblatt, Esq.
  Matthew R. Mendelsohn, Esq.                  Morgan Lewis & Bockius LLP
  Mazie Slater Katz & Freeman, LLC           502 Carnegie Center
  103 Eisenhower Parkway                           Princeton New Jersey 08540
  Roseland, New Jersey 07068

# THE FINAL APPROVAL HEARING

**11.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing ("Final Approval Hearing") to decide whether to approve the Settlement, including the amount of attorneys' fees and costs to be paid to Class Counsel and the amount of service awards to be paid to the Class Representatives.  This Final Approval Hearing will be held at 2:30 pm on February 9, 2016 at Courtroom 6W of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.  At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate, and whether to award attorneys' fees and costs and service awards as described above, and in what amounts.  If there are objections, the Court will consider them.  At or after the Final Approval

SAN

Hearing, the Court will decide whether to approve the Settlement.  The parties do not know how long it will take the Court to issue its decision.  It is not necessary for you to appear at the Final Approval Hearing, but you may attend at your own expense.

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file a Notice of Intent to Appear at the Final Approval Hearing with the Court and mail it to all of the parties, at the addresses under Question 10.  It must be filed, and postmarked no later than January 11, 2016.

## IF YOU DO NOTHING

| 12.  What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member and do nothing, you will receive the settlement benefits described in Question 5 after the Court approves the Settlement and any appeals are resolved.  Unless you exclude yourself, you won't be able to start or be part of any other lawsuit against sanofi about the legal issues in this case, and all the decisions and judgments by the Court in this case will bind you, as will the Releases.

## NOTICE TIMING

| 13.  Why am I receiving this notice now? |
| --- |

You may have heard that other class members received a notice about the Settlement weeks ago.  Some class members, including you, were inadvertently omitted from the list of people to whom the original notice was sent.  To address that situation, the court pushed back the date of the settlement hearing and authorized the sending of this notice so that you and the other class members have the same opportunity to consider the notice and settlement.

## GETTING MORE INFORMATION

| 14.  How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You may request a mailed copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-888-868-4936